IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE L. ROBERSON,

        Plaintiff,                      No. CIV S-06-0484 GEB EFB P

    vs.

ALICE LOPEZ,

        Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff is a prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. This action proceeds on the March 9, 2006, amended complaint in which plaintiff claims defendant Lopez violated his rights when she decided he would not receive immediate treatment for his hand, which was swollen following a fight with another prisoner. Defendant moves to dismiss pursuant to Rule 12(b)(6) upon the ground plaintiff failed to exhaust available administrative remedies. *See* 42 U.S.C. 1997e(a). For the reasons explained below, the court finds that plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e and recommends that this action be dismissed without prejudice.

**I. Standards Applicable to This Motion**

       The instant motion was filed under Rule 12(b)(6), Fed. R. Civ. P. As discussed below, the Ninth Circuit has questioned in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003) whether Rule

12(b)(6) or Rule 56 is the appropriate procedural motion for challenging a prisoner's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e. It concluded that neither rule fits procedurally and that such a motion should be bought as "an unenumerated Rule 12(b) motion." *Wyatt*, 315 F.3d at 1119. However, the court concluded that each rule provides an analogous framework depending on whether evidence has been submitted with the motion.

As a threshold matter, Rule 12(b)(6) tests the sufficiency of *allegations* in the complaint to state a cognizable claim, *Albright v. Oliver*, 510 U.S. 266 (1994), whereas Rule 56 tests the sufficiency of *evidence* to support those allegations. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Whether a motion under either rule seeks adjudication on the merits (because the plaintiff cannot allege or establish an element of the cause of action), or whether the motion seeks judgment or dismissal because of a technical defense that preclude plaintiff's claim, the procedural distinction between Rules 12 and 56 is whether the challenge by the motion is to the adequacy of allegations or to sufficiency of evidence to prove allegations.[1] For this reason, courts will not normally look beyond the four corners of the complaint in resolving a Rule 12(b)(6) motion. Indeed, when a party submits matters extrinsic to the complaint on such a motion, Rule 12(b)(6) expressly mandates that the court either disregard the extrinsic material or invoke the

---

[1] Summary judgment procedures under Rule 56 test whether a dispute over a given fact is genuine, and, if so, whether the dispute over that fact makes any difference to the outcome of the case. *Celotex,* 477 U.S. at 323. This is true whether a failure of proof is over an element to the claim or an inability to overcome an affirmative defense once the defendant has presented evidence establishing that defense. "There can be no genuine issue as to any material fact where there is a complete failure of proof as to an essential element of the nonmoving party's case because all other facts are thereby rendered immaterial." *Id.* Thus, of particular relevance here, if a claim is barred due to a failure to exhaust administrative remedies, all other facts are rendered immaterial and the court must dismiss. The dismissal, however, is after the application of the procedural mechanics of Rule 56 to determine whether the opposing party's evidence is adequate to establish a genuine factual dispute. Where those procedures result in the conclusion that the plaintiff cannot prove his factual allegations refuting the evidence of failure to exhaust, the dispute is not genuine and the complaint must be dismissed. The principle is hardly novel. It applies whenever a material fact affects the outcome, whether it is on technical grounds such as exhaustion, the unexcused delay beyond an expiration of a statute of limitations, a lack of standing based on fact specific reasons, etc., or on the merits due to an inability to establish an element of the underlying claim.

1  procedural protections afforded under Rule 56 so that the non-moving party is provided the
2  opportunity to present evidence sufficient to overcome the motion.[2] *Rosales v. U.S.*, 824 F.2d
3  799, 802 (9th Cir 1987) (If matters external to the pleadings are presented to the court and not
4  excluded, a Rule 12(b)(6) motion for failure to state a claim must be treated as a motion for
5  summary judgment.).

6  Here, the motion to dismiss challenges whether plaintiff has met the requirement of the
7  Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought" until available
8  administrative remedies are exhausted. 42 U.S.C. § 1997e(a). The Ninth Circuit has held that the
9  PLRA's exhaustion requirement is not jurisdictional. *Wyatt v. Terhune*, 315 F.3d 1108, 1117, n.9
10 (9th Cir. 2003). Moreover, "nonexhaustion under § 1997e(a) of the PLRA does not impose a
11 pleading requirement." *Id.* at 1119. Rather, the Ninth Circuit held "that § 1997e(a) creates a
12 defense–defendants have the burden of raising and proving the absence of exhaustion." *Id.*
13 Given the conclusion that exhaustion for purposes of the PLRA is neither a pleading requirement
14 nor a jurisdictional prerequisite, the quintessential grounds for motions under Rule 12(b), it would
15 appear that the procedures under Rule 56 (not Rule 12) provide the appropriate tool for
16 addressing a prisoner's failure to meet the requirement. It is, after all, the facts establishing
17 exhaustion, not allegation of its completion in the complaint, that are being challenged. Indeed,
18 the complaint need allege nothing about exhaustion. Instead, it is defendant's burden to present
19 evidence proving the failure to exhaust. However, in light of *Wyatt*, under which procedural rule
20 the issue should be raised is not clear.

21 ////
22 ////
23

---

[2] These procedures include converting the motion to dismiss to a Rule 56 motion and providing notice to the non-moving party that the facts challenged in the complaint must be supported with evidence adequate to demonstrate that there is a genuine issue of material fact which warrants resolution through live testimony, either at trial or, with some disputed jurisdictional facts, a pretrial evidentiary hearing to determine jurisdiction.

1    *Wyatt* instructs that "the failure to exhaust nonjudicial remedies that are not jurisdictional
2    should be treated as a matter in abatement,[3] which is subject to an unenumerated Rule12(b)
3    motion rather than a motion for summary judgment." *Wyatt*, 315 F.3d at 1119.  The *Wyatt*
4    opinion observes that summary judgment is ordinarily judgment "on the merits." *Id*.  However,
5    as noted, the standards under Rule 56 are used when a Rule 12 motion seeks to establish facts by
6    materials extrinsic to the complaint.  Thus, *Wyatt* is clear that regardless of nomenclature, a
7    motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint.  It is a
8    motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.*  In
9    this regard, the Ninth Circuit in *Wyatt* provides further guidance.  It recognizes that when the
10   district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it
11   necessarily does so under "a procedure closely analogous to summary judgment." *Id*., n.14.

12   Resort to the procedural safeguards of Rule 56 is for sound reason.  Where the issue in
13   dispute is one of fact (did, or did not, plaintiff exhaust available remedies?) it is well established
14   that regardless of whether a genuine factual dispute is over an element of a cause of action (i.e.,
15   an issue going to the merits of the claim), or over an affirmative defense such as a statute of

---

[3] A "matter in abatement" is a "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c). Rule 7 of the Federal Rules of Civil Procedure "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement. *Black's Law Dictionary* 4 (6th ed. 1990). The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it.  It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990). The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule." Thus, for example, the Revision Notes to 28 U.S.C.A. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor.  Words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'" Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151 1152 (6th ed. 1990) ("abatement of action," and "plea in abatement).

limitations or exhaustion, the court may not weigh and resolve credibility on paper. *United States v. Two Tracts of Land in Cascade County, Mont.*, 5 F.3d 1360, 1362 (9th Cir. 1993) (determination that affidavit on summary judgment motion lacked credibility was improper prior to live testimony at trial); *Buffalo v. Sunn*, 854 F.2d 1158, 1166 (9th Cir. 1988) (conflicting affidavits over cause for meeting a deadline warrant live testimony). For this reason, courts utilize the procedures of Rule 56 to determine if there is a genuine dispute over an issue that is material to the outcome.[4] Likewise, the court must recognize the command in Rule 12(b) that where matters extrinsic to the complaint are submitted with a motion brought under that Rule, the motion must be converted to a motion for summary judgment. The panel's opinion in *Wyatt* expressly accounts for this, recognizing that "if the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust--a procedure closely analogous to summary judgment--then the court must assure that [the non-moving party] has fair notice of his opportunity to develop a record."[5] *Wyatt*, 315 F.3d at 1120, n.14.

Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court will follow the analogous procedures of Rule 56 to address this motion and its supporting

---

[4] A similar approach is utilized over challenges to jurisdictional facts. A district court may take evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial if the jurisdictional facts are not intertwined with the merits. *Augustine* v. *United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact." *Rosales* 824 F.2d at 803 (citing *Augustine,* 704 F.2d at 1077).

[5] In this regard, the difference between the relationship of Rules 12(b)(6) and 56, and that of an "unenumerated Rule12(b)" abatement motion and a procedure "closely analogous to summary judgment" is more theoretical than practical. Indeed, it is functionally the same. The district court must, of course, look beyond the pleadings to resolve the exhaustion question because *Wyatt* has specifically held that exhaust under the PLRA is not a pleading requirement. In doing so, the district court must apply procedures closely analogous to those provided under Rule 56.

5

affidavit and exhibits.  Those standards are well established.

## II.  Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added).  Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added).  In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

////

////

**III. Plaintiff's Alleged Failure to Exhaust**

A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and the prisoner is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. Cal. Code Regs.. tit 15, §§ 3084.2, 3085 (designating use of CDC Form 602 Inmate/Parolee Appeal Form for all grievances except those related to disabilities under the Americans with Disabilities Act, which are filed on CDC Form 1824, Reasonable Modification or Accommodation Request). A prisoner must appeal within 15 work days of any adverse action. Cal. Code Regs. tit 15, § 3084.6(c). The regulations permit but do not require untimely appeals to be rejected. *See* Cal. Code Regs. tit 15, § 3084.3(c)(6). Where prison officials reject an appeal as untimely, a prisoner does not properly exhaust available remedies by filing an untimely appeal. *Ngo v. Woodford*, __ U.S. __, 126 S.Ct. 2378, 2384, 2387 (2006).

Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. Cal. Code Regs. tit. 15, § 3084.5. A division head reviews appeals on the first formal level, *see* Cal. Code Regs. tit. 15, § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot

7

1  resolve it), and the warden or a designee thereof reviews appeals on the second formal level, *see*
2  Cal. Code Regs. tit. 15, § 3084.5(e)(1). Completion of the third level, the Director's Level of
3  Review, exhausts the remedy. Cal. Code Regs. tit. 15, § 3084.1(a).

4  As noted above, this motion was noticed under Rule 12(b)(6). Yet the defendant
5  necessarily relies on declarations and exhibits to establish the facts as they relate to exhaustion.
6  Applying "a procedure closely analogous to summary judgment," *Wyatt*, 315 F.3d at 1120, n.14.,
7  the court must apply Rule 56 standards or the extrinsic material must be disregarded. The latter,
8  of course, is not an option. Under *Wyatt*, exhaustion is not a pleading requirement. The
9  complaint need allege nothing in that regard. On June 12, 2006, the court expressly informed
10 plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of
11 Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*,
12 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

13 **IV. Analysis**

14 Defendant asserts that plaintiff did not exhaust before filing the complaint. She produces
15 the grievance that plaintiff filed against her. Motion, Ex. A. Plaintiff filed the grievance on
16 January 29, 2006, and requested an explanation as to why Lopez did not provide proper treatment
17 for his hand. The informal level of review was bypassed. On April 24, 2006, the reviewer on the
18 first formal level partially granted the appeal by outlining the treatment provided for plaintiff's
19 hand, but informing plaintiff that any request for administrative action against Lopez was outside
20 the scope of the administrative process. Motion, Ex. A. On May 9, 2006, plaintiff appealed to
21 the second formal level of review, asserting that Lopez lied and, therefore, the summary of the
22 treatment provided was inaccurate. Motion, Ex. A. Prison officials interviewed Lopez regarding
23 this allegation, and denied the appeal on July 26, 2006. Motion, Ex. A. Defendant asserts, and
24 plaintiff concedes, that plaintiff's appeal to the Director's Level of review was pending at the time
25 plaintiff filed suit. Motion at 2; Declaration of Grannis at 2; Plaintiff's September 27, 2006,
26 Motion to Proceed, at 2. The court finds that plaintiff did not exhaust available administrative

8

remedies before submitting his complaint.  Therefore, plaintiff did not comply with 42 U.S.C. § 1997e(a).

Plaintiff argues that he should be permitted to proceed on the complaint in this action because prison officials purposely delayed resolving his grievance so that the limitation period for filing a civil rights action would expire.  *See* Cal. Civ. Pro. Code § 335.1 (West 2006) (two-year limitations period for injury caused by wrongful act of another).  However, the Ninth Circuit has been clear that a prisoner must exhaust available administrative remedies *before* filing any papers in federal court.  *Vaden v. Summerhill*, 449 F.2d at 1051.  The question of whether a future action against Lopez on the same grounds would be time barred is not before the court and the court expresses no opinion on the matter.  *See Earth Island Institute v. Ruthenbeck*, 459 F.3d 954, 961 (9th Cir. 2006) (federal courts must refrain from rendering opinions on a question of law that is not presented by the facts of the case).

Accordingly, it is hereby RECOMMENDED that defendant's September 18, 2006, motion to dismiss be granted and that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   January 17, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE